**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER GAGNON, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>TPUSA INC. d/b/a TELEPERFORMANCE USA, )<br><br>Defendant. ) | Case No.<br><br>**JURY TRIAL DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1.     Plaintiff Jennifer Gagnon, on behalf of herself and all others similarly situated, brings this action against Defendant Tpusa Inc., d/b/a/ Teleperformance USA.  In support thereof, Plaintiff alleges as follows:

### NATURE OF THE ACTION

2.     Plaintiff is a former employee of Defendant.

3.     Defendant subjected Plaintiff and other similarly situated individuals to certain practices and policies that are illegal and caused them to suffer damages as a result.[1]

  a.     Defendant violated the Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150 because the company failed to timely pay Plaintiff and other similarly situated employees.

---

[1] Unless otherwise noted, the relevant time period for each class, collective, and claim set forth herein is the applicable statute of limitations.

1

b.   Defendant violated the Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150 and other similar state wage laws, because the company failed to pay Plaintiff and other similarly situated employees in full on the day of their discharge and/or within the time prescribed by the applicable state statute, including but not limited to the Utah wage laws, *see* Utah Code § 34-28-5.

c.   Defendant violated the Massachusetts Minimum Wage Act, M.G.L. c. 151, § 1, *et seq.* and other similar state wage laws, because the company failed to pay Plaintiff and other similarly situated employees one and one-half times their regular hourly rate for each hour worked in excess of 40 during one or more workweeks.

d.   Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, because the company failed to pay Plaintiff and other similarly situated employees one and one-half times their regular hourly rate for each hour worked in excess of 40 during one or more workweeks.

4.   On behalf of herself and all other similarly situated individuals, Plaintiff seeks wages owed, liquidated damages, interest, other damages incurred, injunctive relief, attorneys' fees and costs, and all other allowable relief.

**PARTIES**

5.   Plaintiff is an adult resident of Swansea, Massachusetts.

6.   Defendant is a corporation with its United States headquarters in West Jordan, Utah. Upon information and belief, Defendant's annual revenue exceeds $500,000, and it has employed two or more persons, including Plaintiff.  Defendant is and/or was an "employer" of

2

Plaintiff and the members of the putative classes and/or collective within the meaning of the FLSA and the applicable state wage laws, including Massachusetts law and Utah law.

7.      Plaintiff brings her FLSA claim against Defendant on behalf of a collective of similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective").  Plaintiff's FLSA claims meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

8.      In compliance with 29 U.S.C. § 216(b), Plaintiff consents to sue as a plaintiff under the FLSA.[2]

### JURISDICTION AND VENUE

9.      The Court has federal question jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

10.      The Court has personal jurisdiction over Defendant because it transacts business in the State of Massachusetts.

11.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims set forth in this complaint occurred in this judicial district.

12.      The Court has supplemental jurisdiction over the state wage claims of Plaintiff and similarly situated individuals under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as the claims that Plaintiff and the class members have under the FLSA, over which the Court has original jurisdiction.

---

[2] Plaintiff's consent to sue form is attached as Exhibit 1.

**FACTS**

13.     Defendant is a business process outsourcing company that specializes in customer experience management, digital business services, and artificial intelligence integration.

14.     Defendant's United States corporate headquarters is in Utah.  On information and belief, it handles payroll, human resources, and other personnel services from that office, including setting employee pay rates and paying employees for hours worked.

15.     Plaintiff worked for Defendant as an operations customer support expert from approximately April 2024 to on or about April 9, 2026.

16.     Defendant paid Plaintiff on an hourly basis.

17.     Plaintiff typically worked five days per week during her tenure with Defendant.

18.     Plaintiff worked in excess of 40 hours during one or more weeks of her tenure with Defendant.

19.     Defendant classified Plaintiff as non-exempt for purposes of overtime wages.

20.     Defendant paid Plaintiff on a semi-monthly basis (i.e., two times per month).

21.     Defendant paid Plaintiff her wages on the seventh day after the purported end of one or pay periods.

22.     Defendant's payroll practices and policies violated Massachusetts and federal wage laws and other state wage laws in several ways.

23.     First, Defendant violated M.G.L. c. 149, *et seq.* because it failed to pay Plaintiff and other similarly situated employees their wages on a timely basis.

24.     Defendant was required to pay Plaintiff and other similarly situated employees on a weekly or bi-weekly basis because they were not engaged in a bona fide executive,

4

administrative, or executive capacity or paid on a salary basis and/or because they did not work substantially the same number of hours from week to week. *See* M.G.L. c. 149, § 148.

25. By paying Plaintiff and other similarly situated employees semi-monthly, instead of weekly or bi-weekly, Defendant failed to pay them their wages on a timely basis. *See id.*

26. Defendant was required to pay Plaintiff and other similarly situated employees within six days of the termination of the pay period during which they earned wages because they were employed for five days in a calendar week. *See id.*

27. By paying Plaintiff and other similarly situated employees on the seventh day after one or more pay periods purportedly ended, instead of the sixth day (and/or as otherwise required by the applicable state laws), Defendant failed to pay them their wages on a timely basis. *See id.*

28. Second, Defendant violated M.G.L. c. 149, § 148 and 150 and other similar state laws, because the company failed to pay Plaintiff and other similarly situated employees in full on the day of discharge and/or as required by the applicable state law.

29. Defendant terminated Plaintiff's employment on or about April 9, 2026.

30. Defendant paid Plaintiff her final wages on April 22, 2026.

31. By not paying Plaintiff her final wages on the day of her discharge, Defendant failed to timely pay her final wages. *See* M.G.L. c. 149, § 148.

32. Third, Defendant violated M.G.L. c. 151, § 1, *et seq.*, other similar state laws, and 29. U.S.C. § 207(a)(1) because it failed to pay Plaintiff and other similarly situated employees all the overtime wages that they earned.

5

33. Defendant was required to pay Plaintiff and other similarly situated employees one and one-half times their regular hourly rate for each hour worked in excess of 40 during a work week.

34. Defendant's semi-monthly pay system necessarily leads to inaccurate payment of overtime wages, because Defendant does not track hours on a weekly basis but instead looks at hours worked every half-month.

35. This results in non-payment of overtime wages owed.

36. For example, during the week beginning Monday, April 29, 2024, Plaintiff worked over eight hours per day, five days per week. Defendant's records show that she worked 41.48 hours that week. In the following week, beginning Monday, May 6, 2024, Defendant's records show that Plaintiff worked 40.44 hours.

37. Because of Defendant's unlawful pay system, Plaintiff received some of her pay for the first week in an earlier paycheck and was not paid any overtime. For the pay period that covered the remainder of the weeks of April 29 and May 6, 2024, Plaintiff received 1.55 hours of overtime pay, despite her being owed approximately 1.92 hours of overtime pay for that pay period.

38. Such miscalculations and underpayments occurred throughout Plaintiff's employment (and the employment of similarly situated employees) and are the natural result of Defendant's unlawful semi-monthly pay system for hourly non-exempt employees.

## CLASS ALLEGATIONS

39. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings her state wage claims against Defendant on behalf of a class of all similarly situated individuals, as to which Plaintiff seeks certification.

6

40.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class for Count I as follows:

> All individuals who worked for Defendant in Massachusetts and were paid on a semi-monthly basis and/or seven or more days after pay periods purportedly ended.

41.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class for Count II as follows:

> All individuals who worked for Defendant in the United States and were not paid in full on their date of discharge and/or within the time prescribed by the applicable state statute(s).

42.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class for Count III as follows:

> All individuals who worked as non-exempt employees for Defendant in the United States and were paid on a semi-monthly basis.

43.    The state wage claims of Plaintiff and other similarly situated individuals in Counts I, II, and III can be adjudicated on class bases under Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2) and/or 23(b)(3).

44.    Upon information and belief, the proposed classes are too numerous for practicable joinder because each one is comprised of more than 40 individuals.

45.    The classes have questions of law or fact common to all members that predominate over issues that concern only individual members.  The common questions include: whether Defendant had a practice and/or policy of paying the putative class members on a semi-monthly basis and/or on the seventh day after pay periods purportedly ended (Count I); whether Defendant's practice or policy of paying employees' final wages on the next regular pay day following their discharge complied with the applicable state wage laws (Count II); and whether Defendant's practice of paying non-exempt employees on a semi-monthly basis caused

them to not receive all the overtime wages that they earned (Count III).The predominant questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff as well as every absent member of the proposed class.

46.     Plaintiff's claims are typical of the claims of the class.  Defendant paid Plaintiff on a semi-monthly basis, paid Plaintiff on the seventh day after pay periods purportedly ended, paid Plaintiff her final wages on the next regular pay day after the date of her discharge, and calculated and paid overtime wages to Plaintiff on a semi-monthly basis.

47.     The damages of the classes can reasonably be calculated from Defendant's business records.

48.     Plaintiff will fairly and adequately protect and represent the interests of the class. She has no known conflict of interest with the class.  Moreover, Plaintiff has retained counsel who have extensive experience litigating class action wage and hour cases.

49.     Permitting Plaintiff to pursue her state wage claims on a class basis is superior to adjudicating them in a piecemeal manner through individual cases.  That alternative – numerous identical lawsuits alleging similar or identical causes of action, or joinder of numerous individuals into a single lawsuit – would not serve the interests of judicial economy.  The prosecution of separate actions by individual class members would also create a risk of inconsistent or varying adjudications with respect to their claims and potentially yield incompatible standards of conduct for Defendant.  Moreover, some class members – particularly current employees – may be reluctant to bring individual claims for fear of retaliation by Defendant.

50.     Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by state wage laws to employees.

51. The state wage claims class is manageable due to the uniformity of claims among the members and the general amenability of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

The contours of each class can easily be defined by Defendant's business records.

## COLLECTIVE ALLEGATIONS

52. Pursuant to 29 U.S.C. § 216(b), Plaintiff asserts FLSA wage claims on behalf of herself and a collective of similarly situated individuals.

53. Pending modifications necessitated by discovery, Plaintiff preliminarily defines the FLSA collective (the "Collective") as follows:

> All individuals who worked as non-exempt employees for Defendant in the United States and were paid on a semi-monthly basis.

54. These claims meet the requirements for collective action certification under the FLSA.

55. All potential opt-in plaintiffs are similarly situated with respect to the FLSA claims because they worked for Defendant as non-exempt employees in the United States and Defendant undercalculated their overtime wages by paying them on a semi-monthly basis.

## CLAIMS FOR RELIEF

### COUNT I
**Violation of the Massachusetts Wage Act**
**(Late Payment of Wages)**
**M.G.L. c. 149, *et seq.***

56. Plaintiff re-alleges and incorporates by reference all previous paragraphs of the Complaint as if fully rewritten herein.

57. As alleged, Defendant violated the Massachusetts Wage Act, M.G.L. c. 149, *et seq.* by failing to timely pay Plaintiff and other similarly situated employees the wages that they earned.

9

58.     Plaintiff seeks recovery of liquidated damages, attorneys' fees, costs, interest, and any/all other damages to which Plaintiff and other similarly situated employees are entitled.

**COUNT II**
**Violation of the Massachusetts Wage Act and similar laws of the several states**
**(Late Payment of Termination Wages)**
**M.G.L. c. 149, *et seq*.**

59.     Plaintiff re-alleges and incorporates by reference all previous paragraphs of the Complaint as if fully rewritten herein.

60.     As alleged, Defendant violated the Massachusetts Wage Act, M.G.L. c. 149, *et seq*. and similar laws of other states by failing to timely pay Plaintiff and other similarly situated employees when their employment terminated.

61.     Defendant's failure to timely wages to Plaintiff and other situated employees when their employment terminated violated the wage laws of Massachusetts, Utah, and similar laws of the several states.

62.     Plaintiff seeks recovery of liquidated damages, attorneys' fees, costs, interest, and any/all other damages to which Plaintiff and other similarly situated employees are entitled.

**COUNT III**
**Violation of the Massachusetts Minimum Wage Act and similar laws of the several states –**
**failure to pay overtime**
**M.G.L. c. 151, *et seq*.**

63.     Plaintiff re-alleges and incorporates by reference all previous paragraphs of the Complaint as if fully rewritten herein.

64.     As alleged, Defendant violated the Massachusetts Minimum Wage Act, M.G.L. c. 151, § 1, *et seq*. and similar laws of the several states by failing to timely pay Plaintiff and other similarly situated employees one and one-half times their regular hourly rate for the hours worked in excess of 40 during one or more weeks.

10

65.    Plaintiff seeks recovery of unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and any/all other damages to which they are entitled.

## COUNT IV
### Violation of the Fair Labor Standards Act – failure to pay overtime
### *29 U.S.C. § 201, et seq.*

66.    Plaintiff re-alleges and incorporates by reference all previous paragraphs of the Complaint as if fully rewritten herein.

67.    As alleged, Defendant violated the FLSA by failing to timely pay Plaintiff one and one-half times her regular hourly rate for the hours that she worked in excess of 40 during one or more weeks.

68.    Plaintiff brings this claim on behalf of herself and the other individuals in the FLSA collective pursuant to 29 U.S.C. § 216(b).

69.    Plaintiff and the other individuals in the FLSA collective seek recovery of their unpaid wages, liquidated damages, attorneys' fees, costs, and any/all other damages to which they are entitled.

## JURY DEMAND

Plaintiff, individually and on behalf of others similarly situated, hereby demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

a.    On Counts I, II, and III, an order that Defendant violated M.G.L. c. 149, *et seq.*, and c. 151, *et seq.* and similar laws of the several states, and awards of damages for all wages and other losses to which Plaintiff and other similarly situated employees are entitled, including mandatory treble

11

damages, other liquidated damages/penalties as applicable, other damages incurred, attorneys' fees, costs, interest, and any other relief that the Court deems just and proper;

b.     On Count IV, Certification of an opt-in class of Plaintiff's FLSA claim against Defendant pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*;

c.     Permission for Plaintiff to notify other employees of their right to opt into this action to pursue a claim against Defendant under the FLSA, pursuant to 29 U.S.C. § 216(b);

d.     An order that Defendant failed to pay Plaintiff and other members of the Collective overtime wages for all hours worked in excess of 40 during a week;

e.     An award of damages against Defendant for all overtime wages that are due and owing to Plaintiff and other individuals in the Collective;

f.     Statutory liquidated damages against Defendant under the FLSA for Plaintiff and other individuals in the Collective;

g.     A finding that Defendant's violation of the FLSA was willful and that, therefore, the statute of limitations for Count IV is three years;

h.     Any other relief that the Court deems just and proper.

Respectfully submitted,

JENNIFER GAGNON,
individually and on behalf
of all others similarly situated,

By her attorneys,

*/s/ Brook S. Lane*

12

Hillary Schwab, Esq.,
Brook S. Lane, Esq.,
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel:  (617) 607-3260
Fax:  (617) 488-2261
hillary@fairworklaw.com
brook@fairworklaw.com

Dated: June 22, 2026